UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY WILLIAMS** | ) | CASE NO.  1:11CV2435 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **UNION CAPITAL MORTGAGE** | ) | |
| **CORPORATION, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO**</u>**, J**.:

  This matter comes before the Court upon the Motion (Doc. 12) of Plaintiff for Remand to the Court of Common Pleas, Cuyahoga County, Ohio.  Plaintiff asserts that the Court lacks subject matter jurisdiction because the Complaint does not present a federal question; Defendants argue that the claims all implicate a federal statute, and that removal to federal court was proper under several exceptions to the well-pleaded complaint rule.  For the following reasons, the Motion is granted and the above-captioned case is remanded to the Cuyahoga County Court of Common Pleas.

# I. BACKGROUND

Timothy Williams ("Plaintiff") "purchased his home with financing and escrow services provided by" Union Capital Mortgage Corporation and Union Capital Escrow Corporation ("Union Capital"), and President of Union Capital Ronald Szuch ("Szuch"). (Doc. 1-2 at 4). Plaintiff alleges that these defendants, along with Cardinal Appraisal Service LLC ("Cardinal Appraisal"), President of Cardinal Appraisal Edward F. Kovac ("Kovac"), and Northeast Ohio Appraisal Management Services LLC, inflated appraisal, credit report, and other charges related to the mortgage loan. *Id.* The alleged wrongful fees and charges were contained in the HUD-1 Settlement Statement.

On October 20, 2011, Plaintiff filed a complaint against Defendants. Plaintiff alleged claims of fraud, breach of contract, breach of fiduciary duty, wrongful charges, conversion, accounting, declaratory judgment and injunctive relief, conspiracy to engage in corrupt activity, and breach of the covenant of good faith and fair dealing. (Doc. 1-2). Defendants removed the matter to federal court. (Doc. 1). Plaintiff filed a Motion to Remand to state court and for the payment of attorney fees. (Doc. 12). Defendants Kovac and Cardinal Appraisal filed a Brief in Opposition to Plaintiff's Motion to Remand (Doc. 16), as did Defendants Szuch and Union Capital (Doc. 14). None of the parties have asserted that there is diversity jurisdiction.

## II. LAW AND ANALYSIS

**Notice of Removal and Subject Matter Jurisdiction**

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atl. & Pacific Tea Co.*, 728 F. Supp. 1305, 1307

(E.D.Ky. 1990). Put another way, "[a] civil case that is filed in state court may be removed by the defendant to federal district court if the plaintiff could have chosen to file there originally." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F. Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). A removed case **must** be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D.Ky. 1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir. 1930).

Federal district courts are courts of limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803)). "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. Apr. 4, 2006), slip copy; *Richmond v. Int'l Bus. Machs. Corp.*, 919 F.Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the

proceedings." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988)). Although Defendants take issue with the timeliness of Plaintiff's Motion for Remand, *see* (Doc. 16 at 2), the Court is not prevented from examining subject matter jurisdiction on its own initiative.

In the absence of diversity, a civil action filed in state court may be removed to federal court only if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Because neither party argues that diversity jurisdiction is present, Plaintiff's claims must arise under federal law in order for this Court to have jurisdiction.

"To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint." *Gentek Bldg. Prods., Inc. v. The Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007) (citing *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005)). For jurisdictional purposes, a claim arises under federal law only if plaintiff's statement of the cause of action affirmatively shows that it is based on federal law. *Beneficial Nat'l Bank*, 539 U.S. at 6-8.

"[T]he scope of removal jurisdiction based on the existence of a federal question" is "identical to the scope of federal question jurisdiction under [28 U.S.C.] § 1331." *Warthman*, 549 F.3d at 1061 (quoting *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 758 (6th Cir. 2000)). "Federal question jurisdiction can be established by showing 'either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a

-4-

substantial question of federal law.'" *Warthman*, 549 F.3d at 1061; *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

In the Complaint before the Court, Plaintiff does refer to violations of "federal" law generally.  (Doc. 1-2 at 2, 10, 14, 15).  However, Defendants do not argue, and this Court does not hold, that the allegation of a violation of general federal law is sufficient to establish subject matter jurisdiction.  "The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."  *Warthman*, 549 F.3d at 1064 (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1504-05 (11th Cir. 1996)).  Plaintiff asserts that the Complaint's references to federal law were "clerical errors."  (Doc. 12-1 at 4).  But reference to federal law is not sufficient to establish subject matter jurisdiction where the reference does not establish a federal claim.  *Warthman v. Genoa Tp. Bd. Trs.*, No. 2:07-CV-860, 2007 WL 4190771, at *1 (S.D. Ohio Nov. 20, 2007) (holding that reference to the U.S. Constitution to establish a state law claim did not establish a federal question).  Plaintiff does not assert any specific federal claim in the Complaint.

Additionally, in their Notice of Removal, Defendants assert that the Complaint alleges fraud "in claimed violation of a federal statute, the Real Estate Settlement Practices Act" ("RESPA").  (Doc. 1 at ¶ 5) (referencing 12 U.S.C. § 2607).  Defendants also assert that the Complaint alleges wrongful charges in violation of a federal statute, the Fair Housing Act.  (Doc. 1 at ¶ 6) (referencing 42 U.S.C. § 3601).  However, Defendants concede that the Complaint does not contain any specific reference to RESPA.  (Doc. 16 at 4.  "Though RESPA was not specifically named ...").  Additionally, although Plaintiff refers to FHA

regulations, these regulations were not the basis for any cause of action in the Complaint. Plaintiff did not identify any specific FHA regulation or federal statute. Because Plaintiff is the "master of his complaint," he has the power to "proceed in state court pursuant to state causes of action." *See Francis v. United Parcel Serv. of Am., Inc.*, 288 F. Supp. 2d 882, 891 (S.D. Ohio 2003) (referring to *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002)). While Plaintiff makes general mention of federal laws in the Complaint, he does not bring any federal cause of action or allege any federal claim. Under the well-pleaded complaint rule, Plaintiff has not presented a federal question.

However, Defendants argue this Court should apply two of the exceptions to the well-pleaded complaint rule. First, according to the artfully pleaded exception, "plaintiffs may not 'avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.'" *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2 (1981)). Second, under the substantial federal question doctrine, removal is proper where "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Mikulski*, 501 F.3d at 560 (citing *Franchise Tax Bd.*, 463 U.S. at 9); see *Hampton v. R.J. Corman R.R. Co.*, 2012 WL 2290864, at *3 (6th Cir. June 19, 2012).

The Sixth Circuit has recognized that the artful pleading exception applies only where federal law completely preempts state law:

> But the 'artful pleading' doctrine does not apply whenever it is *possible* to construe a state-law theory as a federal one. Otherwise, any complaint that invoked theories that appear in state and federal law would amount to a federal claim, even if the complaint invoked only state statutes or state constitutional provisions. Rather, 'the artful pleading doctrine allows removal where federal law completely preempts a plaintiff's

>   state-law claim,' *Rivet*, 522 U.S. at 475, 118 S.Ct. 921, or perhaps (it is not clear after *Rivet*) where federal issues necessarily must be resolved to address the state law causes of action ...

*Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 532 (6th Cir. 2010). Therefore, a complaint is artfully pleaded if federal law completely preempts, or is necessary to resolve, the state law claims.

In order to test whether the Complaint has been artfully pleaded, the Court considers "whether the facts alleged in the complaint actually implicate a federal cause of action." *Mikulski v. Centerior Energy Corp.*, 501 F.3d at 561 (6th Cir. 2007). Plaintiff's claims arise from the alleged overcharging of fees on the HUD-1 Settlement Statement. (Doc. 1-2 at 4) ("appraisal, credit report, and other miscellaneous lender, title and escrow charges in reference to mortgage loans."). Defendants argue that the "HUD-1 Settlement Statement is governed by" RESPA and FHA regulations. (Doc. 14 at 4). It is true that RESPA prohibits certain fees, such as referral fees or splitting charges, that are connected with a real estate settlement. *See* 12 USC § 2607(a)-(b). However, Defendants do not explain how RESPA applies to any of the alleged overcharges. While RESPA does govern many fees and charges connected with the HUD-1 Settlement Statement, Defendants have not identified a provision indicating complete preemption with regard to the alleged illegal charges.

Defendants admit that the complete preemption doctrine is "less common" and "extraordinary." (Doc. 14 at 5). While Defendants "feel strongly Plaintiff's claims are exclusively governed by federal law," they do not cite to any authority. *Id.* Asserting, without explanation, that the "HUD-1 Settlement Statement is governed by" RESPA does not establish complete preemption. *See Id.* at 4. Nor does asserting, without explanation, that

claims of wrongful charges and breach of covenant of good faith and fair dealing "call into question the activities RESPA governs." (Doc. 16 at 4). Nor does asserting that claims of accounting and breach of duty "sound in elements consistent with RESPA." *Id.* Defendants have not explained how federal law is implicated by the state law alleged, and have not shown that federal law is necessary to the resolution of the state claims.

Defendants' next, but related, argument is that Plaintiff's claims implicate a substantially federal question. However, Defendants have not shown the state claims "*necessarily* turn on some construction of federal law." *Mikulski*, 501 F.3d at 560 (citing *Franchise Tax Bd.*, 463 U.S. at 9) (emphasis added). While Plaintiff's Complaint "revolves around charges on his HUD-1 Settlement Statement," Defendants have not shown that RESPA is the exclusive law for evaluating fraudulent charges. (Doc. 14 at 4). Since Defendants have not shown that RESPA is necessary to establish any of Plaintiff's state claims, Defendants cannot succeed in showing that the Complaint is artfully pleaded.

Defendants have not met their burden to establish a federal question. *See Alexander*, 13 F.3d at 948. Because "[a]ll doubts as to the propriety of removal are resolved in favor of remand," the Court grants Plaintiff's Motion to Remand. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

**Attorney Fees**

Plaintiff argues there is a presumption of awarding attorney fees where removal was improper; however, the Supreme Court has explicitly rejected such a presumption. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 137 (2005). Usually, attorney fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking

removal." *3W Int'l., Inc. v. Scottdel, Inc.*, 722 F. Supp. 2d 934, 936 (N.D. Ohio 2010) (citing *Martin*, 546 U.S. at 141).

Here, it was reasonable for Defendants to believe that there was federal subject matter jurisdiction. Plaintiff concedes that he inadvertently referred to federal law generally in the Complaint. Additionally, Defendants identified a federal law (RESPA) which prohibited some of the charges contained within the HUD-1 Settlement Statement. Defendants' basis for removal was not objectively unreasonable and, therefore, Defendants will not pay attorney fees.

### III. CONCLUSION

Because the Complaint does not allege a federal cause of action and Defendants have not shown that the state claims rely on the application of federal law, the Court finds that no federal jurisdiction exists under 28 U.S.C. § 1441. Therefore, Plaintiff's Motion for Remand is granted. The above-captioned case is remanded to the Court of Common Pleas for Cuyahoga County, Ohio.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**UNITED STATES DISTRICT JUDGE**

**DATED: June 29, 2012**